IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MICHAEL SERVOSE,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CITY OF LINCOLN, a political subdivision of the State of Nebraska; JEFFREY BLIEMEISTER; JOHN HUDEC; LANCASTER COUNTY, a political subdivision of the State of Nebraska; and TERRY WAGNER.** | Case No. _____<br><br>COMPLAINT<br><br>JURY DEMAND PURSUANT TO<br>Fed. R. Civ. Pro. 38 |

1. The Plaintiff, Michael Servose, is a resident of the State of Illinois.

2. The Plaintiff is the owner of $30,000 of U.S. currency ("$30,000").

3. The Defendant City of Lincoln ("City") is a municipal entity created and authorized under the laws of the State of Nebraska. The Plaintiff sues the City under 42 U.S.C. § 1983 for depriving him of rights guaranteed under the United States Constitution.

4. Defendant, Jeffrey Bliemeister ("Bliemeister"), is a resident of the State of Nebraska and was, at all times relevant to this action, the chief policymaker for the Lincoln Police Department and was employed by the City. The Plaintiff sues Bliemeister under 42 U.S.C. § 1983 in his individual and official capacity for depriving him of rights guaranteed by the United States Constitution.

5. The Defendant, John Hudec ("Hudec"), is a resident of the State of Nebraska and was at all times relevant a police officer employed by the

1

City, and all of his acts described below were under the color of state law. The Plaintiff sues Hudec under 42 U.S.C. § 1983 in his individual and official capacity for depriving him of rights guaranteed by the United States Constitution.

6. The Defendant Lancaster County ("County") is a municipality incorporated in the State of Nebraska. The Plaintiff sues the County under 42 U.S.C. § 1983 for depriving him of rights guaranteed under the United States Constitution. The County and the City perform joint policing operations together related to the seizure of monies obtained during stops and subsequent attempts for forfeiture of such monies.

7. The Defendant, Terry Wagner ("Wagner"), is a resident of the State of Nebraska and was at all relevant times to this action, the chief policymaker for the Lancaster County Sheriff's Office. The Plaintiff sues Wagner under 42 U.S.C. § 1983 for depriving him of rights guaranteed under the United States Constitution.

8. The Defendant, John Hudec ("Hudec"), is a resident of the State of Nebraska and was at all times relevant a police officer employed by the City, and all of his acts described below were under the color of state law. The Plaintiff sues Hudec under 42 U.S.C. § 1983 in his individual and official capacity for depriving him of rights guaranteed by the United States Constitution.

JURISDICTION

9. Defendants, acting under the color of state law, have deprived the Plaintiff of his rights guaranteed by the First and Fourteenth Amendments of the United States and 42 U.S.C. §§ 1983 and 1988.

10. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343(a)(3)-(4) and 42 U.S.C. § 1983.

## VENUE

11. All Defendants are located in the District of Nebraska.

12. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and actions bringing rise to the Plaintiff's claims occurred and in the City of Lincoln, within the District of Nebraska.

## STATEMENT OF FACTS

13. On or about June 17, 2020, while the Plaintiff was traveling in his vehicle on Interstate I-80 in or near the City of Lincoln, he was stopped by Hudec for an alleged traffic infraction.

14. That Hudec searched the Plaintiff's vehicle.

15. That Hudec searched the Plaintiff's vehicle without the Plaintiff's consent.

16. That Hudec did not have probable cause to search the Plaintiff's vehicle.

17. That in the course of Hudec's unauthorized search of the Plaintiff's vehicle, he located $30,000 in cash owned by the Plaintiff.

18. That Hudec threatened the Plaintiff that he would be arrested, go to jail, and be charged with a crime if the Plaintiff did not sign a consent to forfeit his $30,000 to Hudec and the City of Lincoln and/or Lancaster County.

19. That the consent was signed under duress and is not an enforceable agreement.
20. That the seizure by Hudec of the $30,000 and the continued detention by the City and/or County of Lancaster were and are without probable cause to believe that it was used during the commission of a crime or contained evidence of the commission of a crime.
21. The City and/or County of Lancaster have provided no opportunity for Plaintiff to challenge the validity of the seizure of the $30,000 or its continued detention.
22. The Plaintiff was not charged with a traffic violation due to Hudec's stop and seizure on June 17, 2020.
23. As of the filing of this Complaint, the Plaintiff has not been charged by an y government with a crime during the commission of which the $30,000 was used or the evidence.
24. As of the filing of this Complaint, no government has charged any person with a crime during the commission of which the $30,000 was used.
25. As of the filing of this Complaint, no civil forfeiture action has been commenced by any government against the $30,000.
26. The seizure by Hudec of the $30,000 and its continued detention by the City and/or County, unauthorized by a judicial warrant, without probable cause to believe that it was used during the commission of a crime or contained evidence of the commission of a crime, and without the opportunity for the Plaintiff to challenge the validity of the seizure or the

continued detention were and are pursuant to a policy or custom adopted or approved and implemented by the City.

27. Hudec and the City have no justifiable basis to seize the Plaintiff's $30,000 and its continued detention.

## CLAIMS

**I. Fourth Amendment Against Hudec, the City , and the County**

28. Paragraphs 1 through 26 above are re-alleged and incorporated by this reference.

29. The seizure by Hudec of the $30,000 and their continued detention by the City and/or County, unauthorized by a judicial warrant, without probable cause to believe that it was used during the commission of a crime or contained evidence of the commission of a crime, and without the opportunity for the Plaintiff to challenge the validity of the seizure or the continued detention, and the City's and/or County's policy or custom pursuant to which the seizure and continued detention occurred, has deprived and continues to deprive the Plaintiff of his right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution.

**II. Fourteenth Amendment Against Hudec, the City, and the County – Procedural Due Process**

30. Paragraphs 1 through 26 above are re-alleged and incorporated by this reference.

31. The seizure by Hudec of the $30,000 and their continued detention by the City and/or County, unauthorized by a judicial warrant, without probable cause to believe that it was used during the commission of a crime or contained evidence of the commission of a crime, and without the opportunity for the Plaintiff to challenge the validity of the seizure or the continued detention, and the City's and/or County's policy or custom pursuant to which the seizure and continued detention occurred, has deprived and continues to deprive the Plaintiff of his right to procedural due process under Fourteenth Amendment to the United States Constitution.

### III. Fourteenth Amendment Against Havoc, the City, and the County – Substantial Due Process

32. Paragraphs 1 through 26 above are re-alleged and incorporated by this reference.

33. The seizure by Hudec of the $30,000 and their continued detention by the City and/or County, unauthorized by a judicial warrant, without probable cause to believe that it was used during the commission of a crime or contained evidence of the commission of a crime, and without the opportunity for the Plaintiff to challenge the validity of the seizure or the continued detention, and the City's and/or County's policy or custom pursuant to which the seizure and continued detention occurred, has deprived and continues to deprive the Plaintiff of his right to substantial

due process under Fourteenth Amendment to the United States Constitution.

## IV. Declaratory Judgment

34. Paragraphs 1 through 26 above are re-alleged and incorporated by this reference.

35. That the Plaintiff signing of the consent to forfeiture of the $30,000 was done under duress sufficient to vitiate the consent.

36. That the circumstances under which the Plaintiff signed the consent to forfeiture of the $30,000 demonstrate that such consent was not voluntarily given by the Plaintiff.

37. The consent signed by the Plaintiff as presented to the should be declared null and void and unenforceable.

<u>Damages</u>

38. Paragraphs 1 through 37 above are re-alleged and incorporated by this reference.

39. As the direct and proximate result of the seizure by Hudec of the $30,000 and its continued detention by the City and/or County, unauthorized by a judicial warrant, without probable cause to believe that it was used during the commission of a crime or contained evidence of the commission of a crime, and without the opportunity for the Plaintiff to challenge the validity of the seizure or the continued detention, and the City's and/or County's policy or custom pursuant to which the seizure and continued detention occurred, the Plaintiff has been injured, and the Plaintiff seeks damages in

amount of at least $30,000 and for additional amounts as to be determined at trial to compensate for the Plaintiff's injuries.

### Injunction

40. Paragraphs 1 through 37 are re-alleged and incorporated by this reference.

41. The Plaintiff is entitled to an injunction to prevent Hudec, the City and the County from seizing or continuing to detain the $30,000 without a judicial warrant, without probable cause to believe that they were used in the commission of a crime or contained evidence of the commission of a crime, and without an opportunity for the Plaintiff to challenge the validity of the seizure or the continued detention of the $30,000, and also to prevent the City and the County from adopting, approving or implementing a policy or custom whereby the $30,000 is seized and detained without a judicial warrant, without probable cause to believe that it was used during the commission of a crime, and without an opportunity for the Plaintiff to challenge the validity of the seizure or detention, whilst not under duress.

### Punitive Damages

42. Paragraphs 1 through 37 are re-alleged and incorporated by this reference.

43. The deprivation of the Plaintiff's federal constitutional rights as alleged above was deliberate, wanton, and reckless, and therefore the Plaintiff makes a claim against Hudec, the City and the County for punitive damages in an amount to be proven at trial.

Attorney's Fees

44. Paragraphs 1 through 37 are re-alleged and incorporated by this reference.

45. As a result of the acts and omissions of Havoc, his supervisor and policymaker Bliemeister, Havoc's employer the City, the County, and the County's policymaker Wagner, the Plaintiff has been required to retain the services of an attorney, and is entitled to a reasonable attorney's fee pursuant to 42 U.S.C. § 1983 for the deprivation of the Plaintiff's constitutional rights.

Prayer for Relief

Judgment is prayed for against Hudec, Bliemeister, the City, the County, and Wagner as follows:

a. For damages to compensate the Plaintiff for the deprivation by Hudec, the City, and the County of his Fourth Amendment rights to be free from unreasonable seizures, his Fourteenth Amendment rights to procedural due process, and his Fourteenth Amendment right so substantive due process.

b. For a declaratory judgment declaring the Plaintiff's consent to forfeit the $30,000 to be null and void.

c. For an injunction preventing Hudec, the City and the County from seizing or continuing to seize the $30,000 without a judicial warrant, without probable cause to believe that they were used in the commission of a crime or contained evidence of the commission of a crime, and without an

opportunity for the Plaintiff to challenge the validity of the seizure or the continued detention of the $30,000, and also to prevent the City and the County from adopting, approving or implementing a policy or custom whereby the $30,000 is seized and detained without a judicial warrant, without probable cause to believe that it was used during the commission of a crime, and without an opportunity for the Plaintiff to challenge the validity of the seizure or detention, whilst not under duress.

d. For punitive damages in an amount sufficient to adequately punish Hudec, Bliemeister, the City, the County, and Wagner and to deter future conduct of the type alleged in this Complaint.

e. For attorney's fees pursuant to 42 U.S.C. § 1983.

f. For the costs of this action, litigation expenses, and any expert witness fees, and for such other and further relief as this Court deems equitable and proper.

## Jury Demand and Designation of Trial

The Plaintiff requests that this matter be tried to a jury in Lincoln, Nebraska.

**MICHAEL SERVOSE,**
**Defendant**

By**: /s/Carlos A. Monzon**
Carlos A. Monzón, # 20453
1133 H Street
Lincoln, NE 68508
(402) 477-8188
Fax: (402) 477-8202